**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONALD JERROD DAVIS,<br>Plaintiff,<br>v.<br>OFFICER VINCENT BREWER, et al.,<br>Defendants. | CIVIL ACTION NO. 1:26-CV-00979<br>(Judge Kane)<br>(Magistrate Judge Latella) |

**MEMORANDUM**

*Pro se* Plaintiff Ronald Jerrod Davis seeks relief pursuant to 42 U.S.C. § 1983 stemming from a traffic stop which he alleges resulted in the unlawful seizure of his vehicle. Currently pending before the Court are a Motion to Preserve Evidence (Doc. 7) and a Motion for Leave to Conduct Limited, Targeted Discovery (Doc. 17), both filed by Plaintiff. Defendants filed a response in opposition to Plaintiff's Motion for Leave to Conduct Limited, Targeted Discovery, requesting a stay of discovery pending resolution of their Motion to Dismiss. (Doc. 18). For the reasons set forth herein, Plaintiff's Motions will be denied without prejudice and Defendants' request for a stay will be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint on April 16, 2026 against Defendants Carlisle Borough ("Carlisle"), Officer Vincent Brewer ("Officer Brewer"), and John Doe Officers 1-5. (Doc. 1). On that same date, he filed a Motion for Leave to Proceed *In Forma Pauperis*, (doc. 2), however, he subsequently paid the filing fee on April 22, 2026 (doc. 4).

On June 12, 2026, Plaintiff filed a Motion to Preserve Evidence. (Doc. 7). On July 16, 2026, Defendants Carlisle and Officer Brewer returned executed waivers of service on July 16, 2026. (Docs. 10, 11). On September 13, 2026, Defendants filed a Motion to Dismiss and supporting brief. (Docs. 13, 14). On October 1, 2026, Plaintiff filed a First Amended Complaint. (Doc. 15). An Order was entered on October 5, 2026 denying Defendants' Motion to Dismiss as moot. (Doc. 16).

On October 7, 2026, Plaintiff filed a Motion for Leave to Conduct Limited, Targeted Discovery. (Doc. 17). Defendants filed a Brief in Opposition to Plaintiff's Motion for Leave to Conduct Limited, Targeted Discovery on October 13, 2026. (Doc. 18). Defendants filed a Motion to

Dismiss and supporting brief on October 15, 2026. (Docs. 19, 20). Plaintiff has not filed a response in opposition to Defendants' Motion to Dismiss, but filed a Reply Brief in support of his Motion for Leave to Conduct Limited, Targeted Discovery on October 27, 2026. (Doc. 21).

## II. LEGAL STANDARD

### A. Preservation of Evidence

A party has a duty to preserve evidence "when the party in possession of the evidence knows that litigation ... is pending or probable ... [and] can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were to be discarded." *Brown v. Baker*, No. 3:26-CV-01662, 2026 WL 2658592, at *4 (M.D. Pa. Sept. 9, 2026) (quoting *Archer v. York City Sch. Dist.*, 227 F. Supp.3d 361, 380 (M.D. Pa. 2016) (quotation omitted).

Courts in this Circuit have employed a three-part balancing test considering the following three factors to decide whether a motion to preserve documents, things, and land should be granted: (1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order

directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity or party to maintain the evidence sought to preserved, not only as to the evidence's original form, condition or contents, but also the physical, spacial and financial burdens created by ordering evidence preservation. *See Riego v. Carroll*, Civ. No. 08-433, 2009 WL 3448850 (D. Del. Oct. 26, 2009); *LaSala v. Marfin Popular Bank*, Civ. No. 09-968, 2009 WL 2449902, (D.N.J. Aug. 7, 2009); *Capricorn Power Company, Inc. v. Capricorn Power Partners*, 220 F.R.D. 429 (W.D. Pa. 2004).

**B. Leave to Conduct Discovery**

Federal Rule of Civil Procedure 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Middle District of Pennsylvania Local Rule 5.4(a), however, provides that "the parties in *pro se* cases . . . shall not be obligated to meet and confer prior to instituting discovery.

Discovery shall commence no later than thirty (30) days from the date the complaint is served upon defendants." M.D. Pa. Lr. 5.4(a).

The Third Circuit has stated: "Since 1938, civil discovery has been an attorney-initiated, attorney-focused procedure. The vast majority of federal tools operate, when used properly, almost entirely without the court's involvement." *Hammond v. MotorWorld Auto. Grp., Inc.*, No. 3:25-CV-00491, 2025 WL 5241553, at *1 (M.D. Pa. Aug. 8, 2025) (citing *Scott v. Graphic Commc'ns Int'l Union, Loc. 97-B*, 92 F. App'x 896, 902 (3d Cir. 2004) (quoting *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995)).

## III. DISCUSSION

### A. Preservation of Evidence

Plaintiff argues that preservation of evidence including body-worn camera recordings, dash camera recordings, dispatch and CAD records, incident and arrest reports, property inventory documentation, search warrant materials, electronic communications, digital evidence and electronically stored information is necessary to ensure the fair adjudication of this matter. (Doc. 7 at ¶¶3-5). He asserts that he has a

"good-faith basis to believe that relevant evidence may be subject to routine retention schedules, deletion policies, or other processes that could affect availability." (Doc. 7 at ¶6). Defendants did not file a response in opposition to this Motion.

Application of the three-part test for consideration of motions to preserve evidence results in the conclusion that such an order is not necessary at this time.

First, the level of concern regarding the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence is minimal. Plaintiff's articulation of a "good-faith belief" that the evidence may be subject to routine retention schedules or deletion policies does not raise the level of concern as Defendants are aware of this litigation, which triggers their duty to preserve relevant evidence. *See Archer*, 227 F. Supp. 3d at 380.

With respect to the second element, it is unlikely that Plaintiff will suffer irreparable harm in the absence of an Order, because, as

stated, Defendants are aware of this litigation and therefore, aware of their corresponding obligation to preserve relevant evidence.

Finally, there has been no indication that Defendants are incapable of maintaining the evidence sought to be preserved. *See, Riego*, 2009 WL 3448850.

Thus, based upon consideration of the required factors and because Plaintiff has failed to make any showing to support his claim that potential evidence may be compromised or destroyed, his Motion to Preserve Evidence will be denied without prejudice. *See, e.g.*, *Huahai US Inc. v. Zhou*, No. CV 22-2346 (ZNQ) (JBD), 2023 WL 5346619, at *6 (D.N.J. Aug. 21, 2023). However, as noted, service of the Complaint in this matter upon Defendants established that litigation is pending, triggering Defendants' obligation to preserve relevant evidence notwithstanding the absence of an order. *Brown*, 2026 WL 2658592, at *4.

**B. Leave to Conduct Discovery**

Plaintiff also seeks leave to conduct "limited, targeted discovery" pursuant to Fed. R. Civ. P. 26(d)(1). (Doc. 17). Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order. However, as Plaintiff acknowledges in his Motion, Middle District of Pennsylvania Local Rule 5.4(a) provides that parties in *pro se* cases are **not** required to meet and confer prior to instituting discovery. Accordingly, leave of court is not required.

Defendants, Officer Vincent Brewer and Carlisle Borough ("Defendants"), however, filed a Response in Opposition to Plaintiff's Motion for Leave to Conduct Limited Discovery. (Doc. 18). Defendants argue that they intend to file a motion to dismiss[1] asserting that "Plaintiff's Amended Complaint is time-barred and *Heck*-barred." (Doc.

[1] The Motion to Dismiss was filed on October 15, 2026. (Doc. 19).

18 at 3). They argue that "Plaintiff is seeking extensive discovery and Borough Defendants should not be put to the time, expense, and burden of discovery pending resolution of their dispositive motion." (*Id.*). Accordingly, Defendants request that this court exercise its discretion to stay discovery in this matter pending resolution of Defendants' motion to dismiss. (*Id.*).

In reply, Plaintiff argues that Defendants arguments "do not establish that the requested evidence is irrelevant, unavailable, unduly burdensome, or inappropriate for narrowly controlled early production." (Doc. 21 at 2).

Rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. *Pollick v. McAndrew*, No. 3:20-CV-2096, 2021 WL 780808, at *1 (M.D. Pa. Mar. 1, 2021) (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983). This

discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter ..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Pollick*, 2021 WL 780808, at *1 (quoting *Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010)).

The court's broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders or stays limiting and regulating the timing of discovery. *Id.* (citing *Dove v.*

*Atlantic Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992) (*quoting Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (citation omitted)).

This discretion is guided, however, by certain basic principles. One of these cardinal principles governing the exercise of discretion is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. *See, e.g., James v. York County Police Dep't*, 160 F. App'x 126, 136 (3d Cir. 2005); *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843,849 (10th Cir. 1992); *Johnson v. New York Univ. Sch. of Ed.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). "Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: parties who file motions that may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense, and burden of factual discovery for themselves and others until after these claimed legal defenses are addressed by the court." *Pollick*, 2021 WL 780808, at *2.

In such instances, it is clearly established that "[a] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" *Pollick*, 2021 WL 780808, at *2 (quoting *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (collecting cases).

Against that backdrop, we conclude that further discovery should be briefly stayed until after the court resolves the pending motion to dismiss. We reach this conclusion based upon a finding that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" *Johnson*, 205 F.R.D. at 434.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Preserve Evidence (Doc. 7) and Motion for Leave to Conduct Limited, Targeted Discovery (Doc. 17) will be denied. Defendants' request for a stay of

discovery pending resolution of its pending motion to dismiss will be granted.

An appropriate order will follow.

Date: November 23, 2026

/s/ Leo A. Latella
Leo A. Latella
United States Magistrate Judge